UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADEDIPUPO ADENODI | CIVIL ACTION |
| VERSUS | NO. 06-1112 |
| THE UNITED STATES DEPARTMENT OF JUSTICE, EOUSA/FOIA/PA UNIT | SECTION: "F"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Adedipupo Adenodi, filed this *pro se* civil action against the United States Department of Justice ("DOJ"). In this lawsuit, plaintiff sought an order requiring DOJ to produce documents he had requested pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

DOJ filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff opposed that motion.[2] The motion was referred to the undersigned United States Magistrate Judge for the preparation of a Report and Recommendation.[3] After the referral, the undersigned notified plaintiff that, because defendant presented in its motion matters outside the complaint which would be

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 11.

[3] Rec. Doc. 14.

considered, the Court was construing the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56 and gave plaintiff the opportunity to file a supplemental opposition with any evidence he wished to attach.[4]  See Fed.R.Civ.P. 12(b); Morin v. Caire, 77 F.3d 116, 123 (5th Cir. 1996).  Plaintiff filed no such supplemental memorandum.

In its motion, DOJ notes that it has now responded to plaintiff's documents request and, therefore, argues that his claims should be dismissed as moot.  For the following reasons, this Court agrees.

In a written request dated December 26, 2005, and stamped as received by DOJ on January 9, 2006, plaintiff requested certain documents relating to his federal criminal prosecution.[5]  When he failed to receive a response to that request, plaintiff filed the instant lawsuit on February 24, 2006.[6]  On May 12, 2006, DOJ responded in writing to plaintiff's document request.  In that response, DOJ stated that no records had been located which were responsive to the request and that plaintiff could file an administrative appeal of that determination within sixty days.[7]  It is unclear from the record before this Court whether such an appeal was filed.

When, as in this case, an agency fails to respond to an individual's documents request within the applicable time limit, the individual is deemed to have exhausted his administrative remedies on the *timeliness issue* and may proceed directly to federal court on *that issue*.  See Voinche v.

---

[4]  Rec. Doc. 15.

[5]  Rec. Doc. 10, Exhibit A.

[6]  Rec. Doc. 1.

[7]  Rec. Doc. 10, Exhibit B.

F.B.I., 999 F.2d 962, 963 (5th Cir. 1993). However, if the individual elects to pursue that option, the issue before the federal court is "not whether the requestor should have ultimate access to the records," but is instead *solely* "under what time constraints administrative agencies should be compelled to act by the court at the behest of a requester." Id. Because such a lawsuit "challenges only the timeliness of an agency's response," the lawsuit's claims are rendered moot if the agency in fact responds to the request. Id.; see also Creel v. Department of State, No. 94-40237, 1994 WL 708640 (5th Cir. Dec. 5, 1994) ("An agency's release of records in response to a request renders moot a challenge to the timeliness of the response.").

As noted, DOJ has now responded to plaintiff's documents request.[8] Although plaintiff now claims in his opposition to the instant motion that DOJ has wrongly withheld documents,[9] that issue is not properly before this Court. Because the instant lawsuit challenged only the timeliness of DOJ's response,[10] "the issue of whether the agency's response was adequate is not apposite." Voinche, 999 F.2d at 963. Therefore, plaintiff's new allegation regarding the adequacy of DOJ's response is, at best, is an argument for another day in a separate lawsuit filed after plaintiff exhausts his administrative remedies on *that* issue.

---

[8] Rec. Doc. 10, Exhibit B. In his opposition, plaintiff alleges that he did not receive that response. Rec. Doc. 11, p. 2. Even if that is true, it is of no moment for the purposes of this case. DOJ did in fact respond to plaintiff's request, and clearly plaintiff is now aware of that response.

[9] Rec. Doc. 11.

[10] Plaintiff had received *no* response to his request at the time this lawsuit was filed. Therefore, it is impossible that he could have been challenging DOJ's failure to produce particular records. Amaya-Flores v. Department of Homeland Security, No. A-06-CA-225, 2006 WL 3098777, at *3 (W.D. Tex. Oct. 30, 2006) (Austin, M.J.) (Report and Recommendation adopted by Yeakel, J., on November 21, 2006).

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendant's motion be **GRANTED** and that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of January, 2007.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**